## HAWKINS *v.* SMALL.

CORPORATIONS. *Road overseer. Charter exemption.* The defendant, who was a section hand on the N. C. & St. L. R. R. Co., was assigned to the plaintiff, who was a road overseer, to work the public roads. On being summoned by the plaintiff, the defendant refused to work, and alleged as an excuse that the railroad upon which he worked was originally the Nashville and Northwestern Railroad Company, the charter of which exempted the president, directors, clerks, agents, officers and servants from road duty. *Held,* that defendant was exempt, under the charter, from road duty, and that notwithstanding the consolidation of the Nashville and Northwestern Railroad with the Nashville, Chattanooga and St. Louis, it not appearing that the charter of the latter had been repealed, the new company took the old

Hawkins *v.* Small.

road burthened with the restrictions as well as protected by the terms and conditions of its charter.

FROM CARROLL.

Appeal from the Circuit Court. JAS. D. PORTER, Judge.

ATTORNEY-GENERAL HEISKELL for the State.

J. P. WILSON for defendant.

SNEED, J., delivered the opinion of the court.

The plaintiff, as overseer of a public road in the county of Carroll, brought this action under the statute to recover of defendant, as one of the hands assigned him, the penalty imposed by the statute for failing to work the road when summoned to do so.

The case was submitted to the judge of the court upon facts agreed, and judgment was rendered for plaintiff. The defendant appeals in error.

The defense is that the defendant was at the time a section hand on the railroad now operated by the Nashville, Chattanooga and St. Louis Railroad Company, and on that part of the same which was originally a portion of the road bed of the Nashville and Northwestern Railroad Company. The charter of the Nashville and Chattanooga Railroad Company contains a provision exempting the president, directors, clerks, agents, officers and servants of said company from road duty. The charter of the Nashville and Northwestern Railroad Company contains a similar provision.

Hawkins *v.* Small.

But it is urged that the defendant is not protected under either, because the new consolidation of the Nashville and Chattonooga and the St. Louis Railroad Company, now own and operate that portion of the road bed of the Nashville and Nortwestern Railroad Company where the defendant was operating as a section hand. It is not shown that the provision of the charter referred to have ever been repealed or abrogated by any subsequent charter to the consolidated corporation now holding the road by purchase, and operating the same.

We hold, therefore, that the new company, under its purchase, took the old road burthened with the restrictions as well as protected by the terms and conditions of its charter. It was perfectly competent for the Legislature to exempt this class of persons from road duty, and it was a wise exercise of legislative discretion. A section hand is an important personage in railroad economy in the protection of human life as well as the property of the people. He is a servant of the company in the sense of the charter.

Reverse the judgment and dismiss the case.